# EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
03/18/2021
CT Log Number 539234950

**TO:** Debbie Hall, Legal Assistant
Umpqua Bank
13535 SW 72nd Ave Ste 110
Tigard, OR 97223-8135

**RE:** **Process Served in California**

**FOR:** Umpqua Investments, Inc.  (Domestic State: OR)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CLEMENT RICHARDSON, ETC., PLTF. vs. UMPQUA INVESTMENTS INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # C2100130 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/18/2021 at 14:43 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780125104568 |
| | Image SOP |
| | Email Notification,  Susan Rich  susanrich@umpquabank.com |
| | Email Notification,  Debbie Hall  debbiehall@umpquabank.com |
| | Email Notification,  Andrew Ognall  andrewognall@umpquabank.com |
| | Email Notification,  Andy Hannon  Andyhannon@umpquabank.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Thu, Mar 18, 2021

**Server Name:**                   Victor Mendez


Entity Served              UMPQUA INVESTMENTS, INC.

Agent Name                 C T CORPORATION SYSTEM

Case Number                C2100130

Jurisdiction               CA



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UMPQUA INVESTMENTS. INC., an Oregon corporation; and DOES 1
through 50, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CLEMENT RICHARDSON, an individual;



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D

JAN 27 2021

CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>CONTRA COSTA COUNTY SUPERIOR COURT<br>725 Court Street Martinez, CA 94553 | CASE NUMBER:<br>*(Número del Caso)*<br><br>**C21-00130** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Joseph M. Lovretovich; Eric M. Gruzen: Shahla Jalil-Valles - 5855 Topanga Canyon Boulevard, Suite 300
Woodland Hills, CA 91367 (818) 610-8800

| DATE:<br>*(Fecha)*<br><br>1-27-2021 | Clerk, by<br>*(Secretario)*<br><br>C. A. JACALA | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* UMPQUA INVESTMENTS, INC., AN OREGON CORPORATION

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify).*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



1 | **JML LAW**
A PROFESSIONAL LAW CORPORATION
2 | 5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
3 | Tel. (818) 610-8800
Fax. (818) 610-3030
4 | JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
ERIC M. GRUZEN, STATE BAR NO. 222448
5 | SHAHLA JALIL-VALLES, STATE BAR NO. 327827

6 | Attorneys for Plaintiff
**CLEMENT RICHARDSON**

PER LOCAL RULE, THIS
7 | CASE IS ASSIGNED TO
DEPT._____, FOR ALL
8 | PURPOSES

9 | ## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10 | ## FOR THE COUNTY OF CONTRA COSTA - WAKEFIELD TAYLOR COURTHOUSE

11 |

12 | CLEMENT RICHARDSON, an
individual;

Case No.: **C21-00130-**

13 | COMPLAINT FOR:

Plaintiff,

14 |
15 | vs.

1. **RACE DISCRIMINATION IN VIOLATION OF FEHA;**
2. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA;**
3. **CONSTRUCTIVE WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

16 | UMPQUA INVESTMENTS, INC., an
17 | Oregon corporation; and DOES 1
through 50, inclusive;

18 |
19 | Defendants.

20 |

21 |     Plaintiff, CLEMENT RICHARDSON, hereby brings his complaint against the above-

22 | named Defendants and states and alleges as follows:

23 | ## PRELIMINARY ALLEGATIONS

24 |     1.    At all times material herein, Plaintiff, CLEMENT RICHARDSON (hereinafter

25 | referred to as "Plaintiff") was and is a resident of the State of California, County of Napa.

26 |     2.    Plaintiff is informed, believes, and based thereon alleges that Defendant UMPQUA

27 | INVESTMENTS, INC. (hereinafter referred to as "UMPQUA" or "Defendant") is an Oregon

28 | corporation and was at all times mentioned in this complaint duly licensed to do business, was

1
COMPLAINT

1    and is doing business, under and by virtue of the laws of the State of California, in the County of

2    Contra Costa.

3        3.    DOES 1 through 50, and each of them, were and are the shareholders, and/or

4    directors, and/or officers, and/or agents, and/or alter egos of Employer Defendants, and in doing

5    the things herein described, were acting within the scope of their authority as such shareholders,

6    and/or directors, and/or officers, and/or agents, and/or alter egos of Employer Defendants.

7        4.    The true names and capacities, whether individual, corporate, associate or otherwise

8    of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said

9    fictitious names.  Plaintiff is informed and believes that each of the Defendants named as a DOE

10   Defendant is legally responsible in some manner for the events referred to in this complaint,

11   either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or

12   otherwise, for the injuries and damages described below to this Plaintiff.  Plaintiff will in the

13   future seek leave of this court to show the true names and capacities of these DOE Defendants

14   when it has been ascertained.

15       5.    Plaintiff is informed and believes, and based thereon alleges, that each of the

16   fictitiously named Defendants is responsible in some manner for, and proximately caused, the

17   harm and damages alleged herein below.

18       6.    Plaintiff is informed and believes, and based thereon alleges, that each of the

19   Defendants named herein acted as the employee, agent, spouse, partner, alter-ego and/or joint

20   venturer of each of the other Defendants named herein and, in doing the acts and in carrying out

21   the wrongful conduct alleged herein, each of said Defendants acted within the scope of said

22   relationship and with the permission, consent and ratification of each of the other Defendants

23   named herein.

24       7.    Plaintiff is informed and believes, and based thereon alleges, that each of the

25   Defendants named herein acted as the employee, agent, partner, joint-employer, alter-ego, joint

26   venture, affiliate, and/or co-conspirator with or of each of the other Defendants named herein

27   and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said

28

**JML LAW**
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

2
COMPLAINT

1  Defendants acted within the scope of said relationship and with the permission, consent and

2  ratification of each of the other Defendants named herein.

3      8.    Finally, Employer Defendants are liable for the acts of their employees under the

4  doctrine of *Respondeat Superior* and via conspiracy liability.  Each of the acts described above

5  and further described below under each Cause of Action was perpetrated during the course and

6  scope of employment of the actors, was carried out with knowledge of Defendants, was

7  condoned and ratified, and/or was taken pursuant to an implied agreement by Defendants to

8  deliberately take said actions.

9      9.    Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or

10  Defendants shall refer to all Defendants, and each of them.

11      10.   The jurisdiction of this Court is proper for the relief sought herein, and the amount

12  demanded by Plaintiff exceeds $25,000.

13  **FACTUAL ALLEGATIONS**

14      11.   Plaintiff, an African American male, began employment with Defendant in or about

15  2006 as a Financial Advisor. As a Financial Advisor, Plaintiff provided financial advice to

16  Defendant's clients. Throughout Plaintiff's employment with Defendant, he became a valued and

17  integral member of Defendant's organization.

18      12.   In or about 2016, Plaintiff began to fall victim of racial discrimination by his

19  supervisors. Specifically, there was an opportunity for Plaintiff to take over a book of business

20  from a retiring advisor, Kevin Wilson ("Wilson"). Plaintiff learned of the opportunity, and made

21  it known to Defendant's Executive, Steve May ("May") that he was interested in taking over this

22  book of business by writing him a letter. During this time, an Executive of Defendant, Genie

23  Winterborn ("Winterborn"), objected to Plaintiff's interest in taking over this book of business.

24  Plaintiff believes that Winterborn objected to Plaintiff taking over this book of business due to

25  his race. Winterborn is a Caucasian woman.

26      13.   Plaintiff was never given the book of business, instead, Plaintiff was forced to pay a

27  sum amount in order to take over the book of business. This was not a common occurrence for

28  Defendant.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1      14.   From 2014 to 2016, Plaintiff shared an office with Jeff Crouch ("Crouch") and Evan

2    Hershey ("Hershey"). In or about 2016, Crouch and Hershey both resigned from Defendant.

3    Crouch, Hershey, and Plaintiff were the only advisors that covered the State of California.

4    Plaintiff is informed and believes, and based thereon alleges, that Defendant's policy states that

5    when any advisor leaves the firm, all accounts are reassigned to the person in the same office,

6    which in this case would have been Plaintiff. Instead, Winterborn reassigned all of Crouch's and

7    Hershey's accounts to associates in other states. Plaintiff believes Winterborn discriminated

8    against Plaintiff due to his race.

9      15.   In or about 2016, Plaintiff stopped receiving referrals by Winterborn completely. This

10    continued throughout the remainder of Plaintiff's employment with Defendant.

11      16.   In or about 2019, Plaintiff became aware that two other Caucasian Advisors for

12    Defendant were stealing his clients. Plaintiff complained about this to multiple Executives for

13    Defendant, including Winterborn. Despite Plaintiff's complaints, nothing was done to address

14    the issue.

15      17.   On or about February 3, 2020, Plaintiff had a meeting with Defendant's Executive

16    Kent Grubaugh ("Grubaugh"), a Caucasian male, and one of Plaintiff's own clients. During the

17    meeting, Grubaugh told Plaintiff's client that "There are two other Advisors who work with us,

18    who are better than Clement [Plaintiff]." The other two advisors that Grubaugh referred to are

19    Caucasian. Plaintiff is informed and believes, and based thereon alleges, that Grubaugh made

20    this comment due to Plaintiff's race.

21      18.   Throughout Plaintiff's entire employment with Defendant, Plaintiff was a victim of

22    discrimination by Defendant. As a result of the wrongful treatment that Plaintiff had been

23    subjected to during his employment with Defendant and the continuing failure to prevent the

24    discrimination, Plaintiff was forced to resign from his position at Defendant in or about August

25    2020 as he was no longer able to physical and emotionally tolerate the intolerable working

26    conditions.

27

28

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

4

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1    19.   Plaintiff further exhausted his administrative remedies by filing a complaint with the

2    Department of Fair Housing and Employment ("DFEH").  The DFEH issued Plaintiff an

3    immediate right-to-sue letter on January 13, 2021.

4    **FIRST CAUSE OF ACTION**

5    **RACE DISCRIMINATION**

6    **IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.***

7    **[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]**

8    **(Against Defendants, and DOES 1 through 50)**

9    20.   Plaintiff restates and incorporates by this reference all preceding paragraphs as if fully

10   set forth herein.

11   21.   At all times herein mentioned, California Government Code § 12940 et seq., the Fair

12   Employment and Housing Act ("FEHA"), were in full force and effect and were binding on

13   Defendant and each of them, as Defendant regularly employed five (5) or more persons.

14   22.   California Government Code § 12940(a) requires Defendants to refrain from

15   discriminating against any employee on the basis of race.

16   23.   Defendants subjected Plaintiff to different terms and conditions of employment based

17   on Plaintiff's known and/or perceived race, in violation of the FEHA. The acts created an

18   intimidating, oppressive, hostile, offensive and abusive work environment, which altered and

19   impaired Plaintiff's employment and emotional well-being.

20   24.   Plaintiff is an African American male.

21   25.   At all relevant times, Defendants perceived Plaintiff to be African American.

22   Continuing throughout Plaintiff's employment with Employer Defendants, agents of Defendant

23   subjected Plaintiff to adverse employment actions on the basis of his known/perceived race.

24   26.   Defendants' harassing conduct was severe and/or pervasive enough to create a work

25   environment that a reasonable person would consider intimidating, hostile, or abusive.  Employer

26   Defendants' harassing conduct interfered with Plaintiff's work performance and seriously

27   affected his psychological well-being. Plaintiff was deeply upset by this harassing conduct and

28   considered his work environment to be intimidating, hostile and abusive.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1    27.   Employer Defendants failed to conduct a reasonable and good faith investigation, and

2    failed to take reasonable action to prevent further discrimination from occurring. As a result, the

3    discrimination of Plaintiff continued.

4    28.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

5    has suffered actual, consequential and incidental financial losses, including without limitation,

6    loss of salary and benefits, and the intangible loss of employment related opportunities in his

7    field and damage to his professional reputation, all in an amount subject to proof at the time of

8    trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

9    and/or any other provision of law providing for prejudgment interest.

10    29.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

11    has suffered and continues to suffer emotional distress, humiliation, mental anguish and

12    embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

13    believes and thereupon alleges that he will continue to experience said physical and emotional

14    suffering for a period in the future not presently ascertainable, all in an amount subject to proof

15    at the time of trial.

16    30.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

17    has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

18    to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

19    recover attorneys' fees and costs under California Government Code § 12965(b).

20    31.   Employer Defendants had in place policies and procedures that specifically prohibited

21    discrimination and harassment based on race and required Employer Defendants' managers,

22    officers, and agents to prevent race discrimination against and upon employees of Employer

23    Defendants.  However, Defendants chose to consciously and willfully ignore said policies and

24    procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and

25    was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each

26    Defendant to Plaintiff.  Defendants also had a pattern and practice of discriminating against

27    employees on the basis of their race.  Each Defendant aided, abetted, participated in, authorized,

28    ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should,

1   therefore, be awarded exemplary and punitive damages against each Defendant in an amount to

2   be established that is appropriate to punish each Defendant and deter others from engaging in

3   such conduct in the future.

### SECOND CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION

### IN VIOLATION OF GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)

**(Against Defendants, and DOES 1 through 50)**

8   32.   Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

9   forth herein.

10   33.   At all times mentioned herein, California Government Code Sections 12940, et seq.,

11   including but not limited to Sections 12940 (j) and (k), were in full force and effect and were

12   binding upon Defendants and each of them.  These sections impose on an employer a duty to

13   take immediate and appropriate corrective action to end discrimination and take all reasonable

14   steps necessary to prevent discrimination from occurring, among other things.

15   34.   Defendants violated Government Code § 12940 (j) and (k) by failing to adequately

16   supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as

17   described herein.

18   35.   Defendants failed to fulfill their statutory duty to timely take immediate and

19   appropriate corrective action to end the discrimination and also failed to take all reasonable steps

20   necessary to prevent the discrimination from occurring.

21   36.   In failing and/or refusing to take immediate and appropriate corrective action to end

22   the discrimination, and in failing and/or refusing to take and or all reasonable steps necessary to

23   discrimination from occurring, Defendants violated Government Code § 12940 (j) and (k),

24   causing Plaintiff to suffer damages as set forth above.

25   37.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

26   has suffered actual, consequential and incidental financial losses, including without limitation,

27   loss of salary and benefits, and the intangible loss of employment related opportunities in his

28   field and damage to his professional reputation, all in an amount subject to proof at the time of

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA. 91367

1 trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

2 and/or any other provision of law providing for prejudgment interest.

3     38.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

4 has suffered and continues to suffer emotional distress, humiliation, mental anguish and

5 embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

6 believes and thereupon alleges that he will continue to experience said physical and emotional

7 suffering for a period in the future not presently ascertainable, all in an amount subject to proof

8 at the time of trial.

9     39.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

10 has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

11 to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

12 recover attorneys' fees and costs under Government Code § 12965(b).

13     40.   Defendants had in place policies and procedures that specifically prohibited and

14 required Defendants' managers, officers, and agents to prevent discrimination based on race

15 against and upon employees of Defendants.  Managers, officers, and/or agents of Defendants

16 were aware of Defendants' policies and procedures requiring Defendants' managers, officers,

17 and agents to prevent, and investigate, race discrimination against and upon employees of

18 Defendants.  However, Defendants chose to consciously and willfully ignore said policies and

19 procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive,

20 and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by

21 each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified,

22 and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be

23 awarded exemplary and punitive damages against each Defendant in an amount to be established

24 that is appropriate to punish each Defendant and deter others from engaging in such conduct.

25 //

26 //

27 //

28 //

**JML LAW**
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

**THIRD CAUSE OF ACTION**

**CONSTRUCTIVE WRONGFUL TERMINATION IN**

**VIOLATION OF PUBLIC POLICY**

**(Against Defendant and DOES 1 through 50)**

41.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth at this place.

42.     "[W]hen an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 170 "[T]he cases in which violations of public policy are found generally fall into four categories: (1) refusing to violate a statute; (2) performing a statutory obligation (3) exercising a statutory right or privilege; and (4) reporting an alleged violation of a statute of public importance." Gantt v. Sentry Insurance (1992) 1 Cal.4th 1083, 1090-1091. Similarly, "an employer's authority over its employee does not include the right to demand that the employee commit a criminal act to further its interests, and an employer may not coerce compliance with such unlawful directions by discharging an employee who refuses to follow such an order . . ." *Tameny, supra*, 27 Cal.3d at p. 178.

43.     Accordingly, the actions of Defendants, and each of them, in wrongfully constructively terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California.

44.     Throughout Plaintiff's entire employment with Defendant, Plaintiff was a victim of discrimination by Defendant. As a result of the wrongful treatment that Plaintiff had been subjected to during his employment with Defendant and the continuing failure to prevent the discrimination, Plaintiff resigned from his position at Defendant on or about August 2020 as he was no longer able to physical and emotionally tolerate the intolerable working conditions.

45.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related

1  opportunities in his field and damage to his professional reputation, all in an amount subject to

2  proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code §

3  3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

4     46. As a proximate result of the wrongful acts of Defendants, and each of them,

5  Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

6  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

7  believes and thereupon alleges that he will continue to experience said physical and emotional

8  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

9  at the time of trial.

10     **WHEREFORE, Plaintiff prays for judgment as follows:**

11     1. For general damages, according to proof;

12     2. For special damages, according to proof;

13     3. For loss of earnings, according to proof;

14     4. For declaratory relief, according to proof;

15     5. For injunctive relief, according to proof;

16     6. For attorneys' fees, according to proof;

17     7. For prejudgment interest, according to proof;

18     8. For punitive and exemplary damages, according to proof;

19     9. For costs of suit incurred herein;

20     10. For such other relief that the Court may deem just and proper.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

10
COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all causes of action set forth herein.

DATED:    January 26, 2021          JML LAW, A Professional Law Corporation

By:   *Shahla Jalil-Valles*

        JOSEPH M. LOVRETOVICH

        ERIC M. GRUZEN

        SHAHLA JALIL-VALLES

        Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

11

COMPLAINT

SUPERIOR COURT - MARTI.
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

CLEMENT RICHARDSON  VS UMPQUA INVESTMENTS INC

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC21-00130

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  06/22/21       DEPT:  07       TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                          SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  01/28/21              _____
                              C. JACALA
                              Deputy Clerk of the Court

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Joseph M. Lovretovich; Eric M. Gruzen; Shahla Jalil-Valles (73403; 222448; 327827)<br>JML LAW, APLC<br>5855 Topanga Canyon Boulevard, Suite 300<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 610-8800    FAX NO.: (818) 610-3030<br>ATTORNEY FOR (Name): Plaintiff, CLEMENT RICHARDSON | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: WAKEFIELD TAYLOR COURTHOUSE

FILED

JAN 27 2021

C21-00180-

CASE NAME:
RICHARDSON v. UMPQUA INVESTMENTS, INC., ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify)*: 3
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/26/2021
Eric M. Gruzen; Shahla Jalil-Valles
(TYPE OR PRINT NAME)

*Shahla Jalil-Valles*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov